THE PHARIS TIRE & RUBBER COMPANY *v*. MAY.

4-4308

Opinion delivered May 25, 1936.

*Barber & Henry*, for appellant.
*Carmichael & Hendricks*, for appellee.

HUMPHREYS, J. The question involved on this appeal is whether the trial court correctly interpreted the letters and testimony introduced in evidence as being a conditional guaranty by appellee, Dr. W. S. May, of fifty per cent. of the account, not exceeding $500, of appellant against Odell's Tire & Battery Company.

Prior to March 29, 1934, appellant had sold merchandise to the Odell Tire & Battery Company on a C. O. D. basis, but Odell wanted to buy on open account and so informed appellant's salesman. The salesman made an effort to get appellant to sell its goods, wares, and merchandise to the Odell Tire & Battery Company on open account, but received the following reply from it: "If Dr. May will write to us stating that he will guarantee account, will accept order for $500. Guarantor must state willingness to also guarantee account paid on due date. Wrote you fully on 27th."

When the salesman approached appellee about it, he wrote and delivered to the salesman the following letter, which the salesman attached to an order for goods, wares and merchandise in the amount of $315, which he mailed to appellant:

"W. S. May, M. D.
"Eye, Ear, Nose and Throat
"319½ Main Street
"Little Rock, Arkansas
"March 30, 1934.

"Pharis Tire & Rubber Co.,
"Mr. W. I. O'Bryan,
"Newark, Ohio.
"Dear Sir:

"This is to certify that I will guarantee fifty per cent. Odell's Tire & Battery Co. account with you up to ($500) five hundred dollars, to be paid according to terms each month, tenth prox.

"Respectfully yours,
"W. S. May (signed)
"Dr. W. S. May."

On the receipt of the letter, appellant shipped a part of the goods, wares and merchandise to Odell's Tire & Battery Company. Thereafter, on April 5, appellant wrote appellee as follows:

"April 5, 1934.

"Dear Sir:

"This will acknowledge your letter of the 30th in which you state that you will guarantee the account of

Odell's Tire & Battery Co., up to $500. You state that you will guarantee this account fifty per cent., and we do not quite understand whether you mean you will guarantee the account up to $500, as your fifty per cent., or whether you mean that you will guarantee the account for $250.

"We would thank you to enlighten us on this so that the proper guarantee can be sent you for the amount you wish to be covered for.

In the meantime, we are making shipment of the order amounting to $300 and trust that our terms of payment of 10th prox. will be complied with.

"Thanking you for your kind co-operation in this respect, beg to remain,

"Very truly yours,

"The Pharis Tire & Rubber Co.

"W. I. O'Bryan, Credit Manager."

Not receiving a response from appellee, appellant again wrote to him on April 19, as follows:

"April 19, 1934.

"Dear Sir:

"We wrote you under date of April 5 in reference to a guarantee you made on Odell's Tire & Battery Co., and inasmuch as we are desirous of getting this correction made on our credit files, we would thank you to reply to this letter by return mail.

"Yours very truly,

"The Pharis Tire & Rubber Co.,

"W. I. O'Bryan, Credit Manager."

Upon the receipt of the last letter, appellee answered these letters as follows:

"Little Rock, Arkansas.

"April 22, 1934.

"The Pharis Tire & Rubber Co.,

"Newark, Ohio.

"On March 30, 1934, I had an agreement with your Mr. Grimes—I believe his name—that I would go fifty-fifty with your company on Odell's account. That is to say that I will pay half—if it should come to the worst—of his account up to five hundred dollars. To make it

plain: You are not to give him over five hundred dollars' credit and expect me to be responsible for one-half of the account, and should he fail to pay you I would pay one-half of the amount he was due you up to five hundred dollars; for example, should he owe you $500 I would pay you $250 or if his account be $300 I would pay $150. I do not believe that you are taking much chance on his account as I have found him to be honest and a hard worker and a darn good salesman. I truly believe that some day you will be glad that you have him your representative here. I hope this is plain to you. Do not think for one moment but what I am going to be on his nect (sic) to keep him going; if needs be. I do believe that he should have thirty days on the and each shipment.

"I am yours truly,

"(Signed) W. S. May."

After receiving appellee's letter, appellant did not answer same nor send him a written guaranty for the amount he had indicated he wished to be bound for.

After receipt of appellee's last letter, appellant continued to ship goods, wares and merchandise to Odell's Tire & Battery Company on open account until May 7, 1934, at which time the orders shipped amounted to $615.59. Being unable to collect the account from Odell's Tire & Battery Company, it turned same over to the American Credit Indemnity Company for collection on July 14, 1934. In a short time thereafter, appellee wired appellant as follows: "Send man at once see about Odell's account, rush."

Appellant replied by telegram and letter on August 13, 1934, to take up matter with Barber & Henry, local counsel of appellant. He did so, and their investigation resulted in finding that Odell had disappeared without leaving any assets in the building he had occupied as tenant of appellee. Appellee then requested time to make further investigation as he had an idea Odell was worth something which would relieve him of liability. The request was granted. Appellee then left the city, and, upon his return a few weeks thereafter, notified

Barber & Henry that he, appellee, would resist payment; whereupon, this suit followed by appellant against Odell's Tire & Battery Company for $615.59 and against appellee for $250 of the amount on his alleged guaranty.

The cause was tried, and appellant introduced testimony, in substance, as detailed above.

At the conclusion of the testimony introduced by appellant, the court, at the request of appellee, and over the objection of appellant, instructed a verdict in his favor on the theory that the undisputed evidence showed that the guaranty was on condition that appellant should send appellee a written guaranty to sign, showing the amount he wished to be bound for, and that having failed to do so, the minds of appellant and appellee never met on a contract of guaranty, and, from the judgment discharging appellee, is this appeal.

The court committed reversible error in instructing a verdict for appellee on the ground that the undisputed evidence showed the minds of the parties never met on the guaranty contract.

We are of opinion that the first letter and the shipment of goods in reliance thereon constituted an absolute guaranty and acceptance thereof to the extent of $250. The minds of the parties met, and the contract was complete upon the receipt of the first letter and the shipment of the goods pursuant thereto. The subsequent correspondence was simply explanatory of, and in no way changed, the original guaranty and acceptance thereof.

On account of the error indicated, the judgment is reversed, and a judgment is directed to be entered here for $250 and interest from date suit was filed in favor of appellant against appellee.